IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER, #147346, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TROY KING, )<br>)<br>Defendant. )<br>)<br>ROY LEE McATEER, #147346, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD ALLEN, et al., )<br>)<br>Defendants. ) | CASE NO. 2:09-CV-361-TMH<br><br><br><br><br><br><br><br>CASE NO. 2:09-CV-676-TMH |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a motion to sever filed by the plaintiff on April 25, 2012, the plaintiff maintains "that all claims of Civil Action No. 2:09-CV-676 have been rendered moot by" enactment of the Alabama Sex Offender and Community Notification Act, and he seeks severance of Case No. 2:09-CV-676-TMH from Case No. 2:09-CV-361-TMH. *Doc. No. 103* at 1-2. The court construes this document as a motion to dismiss Case No. 2:09-CV-676-TMH.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted, and Case No. 2:09-CV-676-TMH is due to be dismissed as moot with this cause of action proceeding only on the complaint filed in 2:09-CV-361-TMH.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. Case No. 2:09-CV-676-TMH be dismissed with prejudice, as the claims raised therein are moot.

3. This case shall henceforth proceed only the claims raised in the complaint filed in Case No. 2:09-CV-361-TMH.

It is further

ORDERED that on or before May 18, 2012, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to

the close of business on September 30, 1981.

DONE, this 4th day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE