IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER, #147346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-361-MEF |
| | ) |
| LUTHER STRANGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roy Lee McAteer ["McAteer"], an indigent state inmate and convicted sex offender, asserts that the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 *et seq*. ["ACNA"], is unconstitutional. Specifically, McAteer complains that the ACNA infringes upon his constitutional rights to due process and equal protection. He further agues that the ACNA violates the separation of powers doctrine and imposes unconstitutional punishment under the Ex Post Facto and Bill of Attainder Clauses. In support of these claims, McAteer maintains that the ACNA causes disparate treatment of indigent inmates, operates as a civil commitment statute, and results in his improper categorization as dangerous to children and/or a pedophile. McAteer requests that this court declare the ACNA unconstitutional on the grounds set forth in the complaint and issue the appropriate declaratory/injunctive relief, thereby relieving him of the requirements of the ACNA upon his release from incarceration.

The Alabama legislature repealed the ACNA effective July 1, 2011. Upon repeal of the ACNA, the legislature enacted the Alabama Sex Offender Registration and Community Notification Act, *Ala. Code* § 15-20A-1, *et seq.* ["ASORCNA"]. Consequently, the ASORCNA now governs the registration and community notification procedures applicable to sex offenders upon their release from prison. A thorough review of the ASORCNA demonstrates that it contains different provisions from the former ACNA and is clearly distinguishable from the prior Act in several respects.

On May 2, 2012, McAteer filed a response in which he acknowledged the change in the law. *Court Doc. No. 107*. In this response, McAteer advised the court that he no longer seeks to proceed on his original claims and indicated that he instead wishes to challenge the constitutionality of the ASORCNA on the same grounds, with the exception of his equal protection claim based on indigency, as those he alleged in opposition to the ACNA. *Id*. at 1-2. Since McAteer requested leave to proceed on new claims for relief, the court construed this response to contain a motion for leave to amend and denied the motion. *Order of May 4, 2012 - Doc. No. 109*. Based on McAteer's concession that he no longer seeks relief on the claims presented herein and the undisputed fact these claims presently provide no basis for relief, the court entered an order requiring that on or before May 16, 2012, McAteer "show cause why this case should not be dismissed and the claims [attacking the ASORCNA] on which he now seeks to proceed be presented in a separate cause of action." *Order of May 4, 2012 - Doc. No. 108* at 1-2. The court cautioned

McAteer that his failure to file a response to this order would result in the dismissal of this case. *Id.*

On May 9, 2012, McAteer filed a document alleging that his challenges to the constitutionality of the ASORCNA are the same types of challenges as those lodged against the ACNA and arguing that he should therefore be allowed to proceed on these claims in this cause of action. *Doc. No. 113* at 1-2. The court entered orders which "again advised [McAteer] that the Alabama Community Notification Act ['ACNA'], the Act on which he bases the claims currently pending before this court, has been repealed and, consequently, he will not be subjected to this Act's provisions upon his release thereby rendering any claims raised under the ACNA moot. The Alabama Sex Offender Registration and Community Notification Act, *Ala. Code* § 15-20A-1, *et seq.*, effective July 1, 2011 ['ASORCNA'], now governs the registration and community notification procedures applicable to sex offenders upon their release from prison[, facts which thereby render any claims raised under the ACNA moot]. The ASORCNA contains different provisions than the former ACNA and is clearly distinguishable from the prior Act. Thus, any claims the plaintiff seeks to present challenging the constitutionality of the ASORCNA are not before the court in this case and should be raised in a ***separate*** civil action." *Order of May 10, 2012 - Doc. No. 115* at 1-2 (emphasis in original); *Order of May 10, 2012 - Doc. No. 114* at 1-2 (same). The court also granted McAteer an extension until May 25, 2012 to show cause why this case should not be dismissed. *Order of May 10, 2012 - Doc. No. 115* at 1.

McAteer has failed to show cause why dismissal of this case is not warranted.

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. This case be dismissed with prejudice as the claims before this court challenging the constitutionality of the Alabama Community Notification Act provide no basis for relief.

2. No costs be taxed herein.

It is further

ORDERED that on or before June 20, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE this 6th day of June, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE